**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1715
_____

UNITED STATES OF AMERICA

v.

NATHANIEL DA-MEIR COLES, a/k/a DAZ, a/k/a D,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:14-cr-00496-003)
District Judge: Honorable Gerald A. McHugh

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 12, 2022
Before: AMBRO, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 17, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Nathaniel Coles, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

I.

In 2017, Coles was convicted of conspiracy to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He later pleaded guilty to additional drug trafficking offenses in a separate criminal case. The District Court consolidated the cases for sentencing and sentenced Coles to a term of 240 months' incarceration in one case to run concurrently with a 120-month sentence in the other. His anticipated release date is in 2031 and, as of the date of this writing, his direct appeal is pending. See United States v. Coles, C.A. No. 19-2590 (3d Cir.).

Coles filed the motion for compassionate release here at issue in 2021, arguing that, if released, he would become the primary caregiver to his mother who was 65 years old at the time and suffering from a variety of medical conditions. Coles, then 38 years old, also contended that he was at high risk of serious illness from COVID-19 in prison because of his obesity and history as a smoker. Moreover, he argued that the sentencing factors of 18 U.S.C. § 3553(a) weighed in favor of his release because he has served a substantial portion of his sentence, is no longer a danger to the community, has taken

---

[1] We also grant the Government's requests for leave to file its motion for summary action and to be excused from filing a brief.

2

advantage of educational, vocational, and rehabilitative programs, and has not incurred any disciplinary actions or misconducts during his time in prison.

The District Court denied Coles' motion, reasoning that he failed to demonstrate extraordinary and compelling reasons justifying release because, among other things, Coles was only 38 years old and in generally good health despite his mild obesity and smoking history, there were no confirmed active COVID-19 cases among inmates within Coles' prison and only one among staff at the time, and Coles did not show that his mother required immediate care or that he was her only possible caregiver. The District Court also concluded that the § 3553(a) factors weighed against release. Coles timely appealed and has filed a pro se brief. The Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks, alteration, and citation omitted). We may take summary

action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's decision. Even if Coles demonstrated extraordinary and compelling reasons justifying a sentence reduction, the District Court reasonably concluded that the § 3553(a) factors counseled against release. Namely, the District Court pointed to the seriousness of Coles' crimes, which involved two separate conspiracies to obtain substantial quantities of cocaine, his history of eight prior convictions—including two prior controlled substance offenses, corrupting the morals of a child, and carrying a concealed deadly weapon—and the fact that he had served only approximately one-third of his 240-month sentence at the time of the District Court's decision. See Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence

4

reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors."). Although the record indicates that Coles has not incurred any disciplinary infractions in prison and has taken steps towards rehabilitation, we cannot hold that the District Court committed a "clear error of judgment" in concluding that those considerations failed to outweigh others counseling against release. See id. at 330 (internal quotation marks and citation omitted).

Accordingly, we will affirm the District Court's judgment.